10-3300-cv
Murray v. Secretary of Health & Human Services

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of January, two thousand twelve.

PRESENT:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> *Circuit Judges*.

───────────────────────────────────────────────

Charlyn D. Murray,

> *Plaintiff-Appellant*,

> v.                                                          10-3300-cv

Secretary of Health & Human Services, Michael Leavitt,

> *Defendant-Appellee*.

───────────────────────────────────────────────

FOR APPELLANT:          Charlyn D. Murray, *pro se*, Schenectady, NY.

FOR APPELLEE:           Paula Ryan Conan, Assistant United States Attorney, Of Counsel, *for*, Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Charlyn D. Murray, proceeding *pro se*, appeals from the district court's judgment granting the motion of the United States Secretary of Health and Human Services (the "Secretary") for judgment on the pleadings in her action seeking judicial review of a final decision of the Secretary. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), an individual is entitled to judicial review of a final decision of the Secretary as provided in § 405(g), which applies to final decisions of the Commissioner of Social Security. Under § 405(g), we review the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the agency's decision. *See Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (referring to a final decision of the Commissioner of Social Security). We may set aside the agency's decision only if it is not supported by substantial evidence or is based on legal error. *See Keefe ex rel. Keefe v. Shalala*, 71 F.3d 1060, 1062 (2d Cir. 1995). Substantial evidence is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). In deciding whether substantial evidence exists, we defer to the agency's resolution of conflicting evidence. *See Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998) (referring to a final decision of the Commissioner of Social Security).

2

Here, for the reasons stated by the magistrate judge and district court, the Secretary's determination that Murray was not entitled to benefits under Medicare Part B prior to February 1, 2007 was supported by substantial evidence and legally correct. The Secretary correctly applied the law in concluding that: (1) Murray's "initial enrollment period" ("IEP") ran from June 1, 2006 through December 31, 2006, the seven month period beginning three months before the month she became eligible for Medicare, which was September 2006; (2) Murray enrolled in Medicare Part B in November 2006, which was the sixth month of her IEP; and, therefore; (3) Murray's entitlement to Medicare Part B benefits began on February 1, 2007, the third month after her November 2006 enrollment. *See* 42 U.S.C. § 1395p(d); 42 C.F.R. § 407.14(a); 42 C.F.R. § 407.25(a).

Moreover, as noted by the magistrate judge and district court, a Medicare applicant is entitled to waiver of the applicable enrollment requirements only where her failure to enroll "is the result of the error, misrepresentation, or inaction of an officer, employee, or agent of the Federal Government, or its instrumentalities." 42 U.S.C. § 1395p(h). There is no basis in the record for concluding that error, misrepresentation, or inaction on behalf of an agent of the Federal Government caused Murray to delay enrolling in Medicare until the sixth month of her IEP. The record reflects that, in May 2005, the Social Security Administration sent Murray information that advised her in plain language that she should enroll in Medicare three months before turning 65 years old, or else her Medicare Part B benefits could be delayed. This was a substantially simplified but accurate statement of the applicable law. Additionally, while we sympathize with Murray's plight, her severe illness and emergent treatment did not qualify her for a waiver under § 1395p(h).

3

We have considered Murray's other arguments on appeal and have found them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk